■ WESTINGHOUSE CREDIT CORPORATION, Appellant, v JAMES TALCOTT, INC., Respondent.—Order Supreme Court, New York County, entered February 9, 1979, and judgment entered thereon on February 13, 1979, reversed, and plaintiff-appellant's motion, denied by that order, to resettle, supplement, and amend the prior order and judgment herein entered January 30, 1978, granted to the extent hereinafter set forth, and defendant-respondent's cross motion for summary judgment denied, all on the law, with $75 costs and disbursements of this appeal to appellant. In 1972, plaintiff entered into an agreement to advance moneys to Padre Island Investment Corporation for operations in Texas, secured by assignments of various assets. In 1974, defendant agreed in writing with plaintiff to participate in these advances to the extent of 21.74%. The Padre plaintiff agreement was renewable annually at the borrower's option provided that payments to be

made by it were not in default. It was in default as September 15, 1976, which would be the contract's terminal date, unless extended, approached, and, accordingly, not eligible to exercise the renewal option. Plaintiff, however, unilaterally and without securing defendant's consent to this change in the basic agreement, agreed with Padre to continue its financing arrangement past the expiration deadline to the following June 30, with options of renewal through June 30, 1979. On September 7, 1976, plaintiff requested defendant's consent to the arrangement it had made with Padre. Three days later, defendant refused to consent and barred further participation beyond the September 15 deadline, insisting on enforcement of the credit agreement, and advising it would require repayment of its advances as in its agreement of participation. Plaintiff sued, asserting that defendant had breached its participation agreement to advance additional funds, for a declaration to that effect, and for unspecified damages. Defendant counterclaimed, first, for the amount of its advances up to September 15, 1976, and second, for an accounting. Defendant moved for summary judgment and plaintiff cross-moved for the same relief. The underlying agreement having expired by its terms on September 15, 1976, and the borrower being in default thereunder, obligation on the part of the lenders to advance further moneys ceased, and, as Special Term properly held, plaintiff had no right unilaterally to extend the agreement with the borrower as far as defendant was concerned. This was a change in the core of the contract by one party thereto and went beyond a mere exercise of business judgment. Special Term accordingly denied plaintiff's motion for summary judgment and declared for defendant's position. The order and judgment of January 30, 1978 was entered accordingly, and an accounting was directed as of September 15, 1976. After declaring the rights of the parties in defendant's favor, as above set forth, the order and judgment provided: "(5) Under the Participation Agreement, defendant is entitled to 21.74% of all collections received by plaintiff after Sept. 15, 1976, in respect of loans to Padre Island Investment Corporation in which defendant participated." After further proceedings to clarify dollar amounts involved, plaintiff moved to resettle by adding thereto the following: "6. The aforesaid 21.74% shall constitute the full entitlement of defendant and in computing the amount to be paid by plaintiff to defendant, plaintiff shall be entitled to credit for interest received by defendant after September 15, 1976 on the outstanding balance of its participative share." Special Term denied the motion, reasoning that the meaning of the agreement of the parties is that defendant "is entitled to its full share of payments on account of principal and interest until the principal amount of its participation is paid in full." This interpretation, however, completely ignores a key provision of the agreement, paragraph 9: "9. In the event of default by Borrower [Padre], or if WCC [plaintiff Westinghouse] shall deem it otherwise advisable, to liquidate the respective investment of WCC and Talcott [defendant] in the loans and advances made pursuant to the Agreement, all sums collected and received by WCC thereon shall be applied ratably as follows: (a) to costs and expenses, including reasonably [sic] attorneys' fees, court costs and other like items; (b) to the unpaid principal amount of the loans and advances in proportion to the respective investments of WCC and Talcott therein; and (c) to the respective accrued interest and other charges of WCC and Talcott." The clear intendment of this paragraph is in accord with plaintiff's position, and the motion to resettle, supplement and amend should be granted accordingly. Since a

recalculation will be required to fulfill this direction, an order is to be settled hereon. Concur—Birns, J. P., Sandler, Sullivan, Markewich and Lynch, JJ.